SEYFARTH SHAW LLP
Selyn Hong (SBN 303398)
shong@seyfarth.com
975 F. Street, N.W
Washington, D.C. 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393

SEYFARTH SHAW LLP
Pamela Q. Devata (*pro hac vice* forthcoming)
pdevata@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
APPFOLIO, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY RAMIREZ,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>APPFOLIO, INC.,<br><br>　　　　Defendant. | Case No. 2:19-cv-07562-CAS-KES<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: August 30, 2019 |

Defendant, APPFOLIO, INC. ("AppFolio"), by and through its attorneys, Seyfarth Shaw LLP, for its answer to Plaintiff Troy Ramirez's Complaint, states as follows:

## PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., as amended.

**ANSWER:**

AppFolio admits that an individual consumer brought this action for damages alleging violations of the FCRA, but denies that AppFolio violated the FCRA and denies that AppFolio is liable for any damages to Plaintiff under the FCRA or any other law.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**

AppFolio admits that jurisdiction is proper in this Court. AppFolio denies any remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

AppFolio admits that venue is proper in this Court.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff Troy Ramirez is an adult individual who resides in the State of Kansas.

**ANSWER:**

AppFolio is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Defendant AppFolio, Inc. ("AppFolio") is a consumer reporting agency which conducts business in the Central District of California and is headquartered at 50 Castilian Drive, Goleta, CA 93117.

**ANSWER:**

AppFolio admits that it performs certain services as a "consumer reporting agency" as that phrase is defined in the FCRA, that it conducts business in the Central District of California, and that it is headquartered at 50 Castilian Drive, Goleta, CA 93117. AppFolio denies any remaining allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶6:**

Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

**ANSWER:**

AppFolio denies the allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

The inaccurate information includes a false criminal history labeling the Plaintiff as a convicted criminal, and personal identifying information.

**ANSWER:**

AppFolio states that the referenced background report is the best evidence of its contents and denies any allegations in Paragraph 7 of the Complaint that are inconsistent with the referenced report. AppFolio denies any remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Specifically, the inaccurate information includes, but is not limited to, convictions for operating a vehicle without driving privilege and driving while intoxicated, and probation for possession of controlled substance, which do not belong to Plaintiff, but instead belong to another individual with the same or similar name as Plaintiff's.

**ANSWER:**

AppFolio states that the referenced background report is the best evidence of its contents and denies any allegations in Paragraph 8 of the Complaint that are inconsistent with the referenced report.  AppFolio denies any remaining allegations in Paragraph 8.

**COMPLAINT ¶9:**

The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person who has a criminal background.  It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as being convicted of operating a vehicle without driving privilege and driving while intoxicated, and being on probation for possession of a controlled substance, because it mixed his criminal history with that of another person.

**ANSWER:**

AppFolio states that the referenced background report is the best evidence of its contents and denies any allegations in Paragraph 9 of the Complaint that are inconsistent with the referenced report.  AppFolio denies any remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

**ANSWER:**

AppFolio denies the allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Plaintiff has applied for and has been denied housing opportunities, including but not limited to, housing opportunities with Cimarron Apartments and Hillside Apartments. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

**ANSWER:**

AppFolio admits that Plaintiff has applied for and has been denied housing opportunities with Cimarron Apartments and Hillside Apartments. AppFolio is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported convictions and a probation on Plaintiff's consumer report.

**ANSWER:**

AppFolio denies the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

**ANSWER:**

AppFolio denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER:**

AppFolio denies the allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**ANSWER:**

AppFolio denies the allegations in Paragraph 15 of the Complaint.

## COUNT ONE – VIOLATIONS OF THE FCRA

**COMPLAINT ¶16:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

AppFolio incorporates its answers to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

**COMPLAINT ¶17:**

At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

**ANSWER:**

AppFolio admits that it is a "person" as that terms is defined in the FCRA, and that it performs certain services as a "consumer reporting agency" as that phrase is defined in the FCRA.

**COMPLAINT ¶18:**

At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

AppFolio admits that Plaintiff is a "consumer" as that term is defined in the FCRA.

**COMPLAINT ¶19:**

At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

AppFolio states that the referenced background report is the best evidence of its contents, and that Paragraph 19 of the Complaint is a legal conclusion to which no response is required.

**COMPLAINT ¶20:**

Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

**ANSWER:**

AppFolio denies the allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

AppFolio denies the allegations in Paragraph 21 of the Complaint.

## JURY TRIAL DEMAND

**COMPLAINT ¶22:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Paragraph 22 of the Complaint is Plaintiff's demand for a jury trial and, as such, need not be admitted or denied by AppFolio.

## ANSWER TO PRAYER FOR RELIEF

AppFolio denies that Plaintiff is entitled to any of the relief requested in the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## SEPARATE ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

AppFolio asserts the following additional defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted. AppFolio presently has insufficient knowledge or information upon

which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### FIRST SEPARATE DEFENSE
### (No Standing)

1. Plaintiff lacks standing to sue because he has not sustained any injuries, damages, concrete harm and/or loss by reason of any of AppFolio's alleged acts.

### SECOND SEPARATE DEFENSE
### (Failure To State A Claim For Relief)

2. Neither the Complaint as a whole, nor any purported claim alleged therein, states facts sufficient to constitute a cause of action or claim for relief against AppFolio.

### THIRD SEPARATE DEFENSE
### (No Proximate Cause)

3. Any damages sustained by Plaintiff were not proximately caused by AppFolio.

### FOURTH SEPARATE DEFENSE
### (Failure to Mitigate)

4. To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

### FIFTH SEPARATE DEFENSE
### (Reasonable Procedures)

5. AppFolio followed reasonable procedures to assure maximum possible accuracy in the information concerning Plaintiff in any consumer report relating to him.

### SIXTH SEPARATE DEFENSE
### (No Punitive Damages)

6. Plaintiff is not entitled to punitive damages because AppFolio's reading of its obligations under the FCRA was, at all relevant times, objectively reasonable.

## PRAYER FOR RELIEF

Wherefore, AppFolio prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That judgment be entered in favor of AppFolio and against Plaintiff on all causes of action;
3. That AppFolio be awarded reasonable attorneys' fees according to proof;
4. That AppFolio be awarded the costs of suit incurred herein; and
5. That AppFolio be awarded such other and further relief as the Court may deem appropriate.

DATED: November 5, 2019                Respectfully submitted,

SEYFARTH SHAW LLP


By:/s/ *Selyn Hong*
Selyn Hong
Pamela Q. Devata (*pro hac vice* forthcoming)
Attorneys for Defendant
APPFOLIO, INC.